SCHWARTZ, Appellant, v. MYLIUS, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Samuel Schwartz against William Mylius. Martin Wechsler, for appellant. Wendel & Robeson, for respondent.

PER CURIAM. Action for conversion. The defendant was the owner and landlord of premises in which one Molnar conducted a restaurant. Molnar was in default for rent, and on June 19th he and the plaintiff, at a very early hour in the morning, removed the greater portion of the stock and fixtures, leaving the store in charge of a porter, who a few hours later delivered the key to the defendant. There were left in the saloon some fixtures and furniture, two barrels of beer, and a small desk, worth, according to the testimony, about three or four dollars. The plaintiff had, on May 31st, received a bill of sale from Molnar, covering, among other things, the writing desk and "all beer, liquors, brandies, and wines in bottles and casks." This bill of sale had been kept secret at least until June 19th, and the goods covered thereby had been left in possession of Molnar, the vendor. Molnar had meanwhile mortgaged the fixtures and furniture to one Feldman, by a chattel mortgage duly filed, conditioned to secure the payment of the debt on demand. After the saloon had been surrendered to the landlord, Schwartz called upon him and said he wished to take the goods

away. The testimony is conflicting as to whether Schwartz then notified the defendant that he made this demand as owner, or whether he exhibited his bill of sale. Feldman, the mortgagee, subsequently took possession of so much as remained of the furniture and fixtures covered by his mortgage. This he had a right to do, and the plaintiff is not entitled to a judgment for their return or value. As to the two barrels of beer, there is no evidence, and no presumption that they were in the saloon when the bill of sale was made on May 31st. If they were not, they did not pass to the plaintiff under the bill of sale. As the saloon had been in active business between May 31st and June 19th, there is no presumption that the beer found there on June 19th had been there 19 days previous. As to the desk, which is all that remains, and apparently all that the appellant really thinks he is entitled to judgment for, the evidence is not satisfactory that the plaintiff made a proper demand upon defendant for it. As it came into defendant's possession lawfully, being in the saloon when possession was surrendered by its apparent owner, a proper demand was necessary before an action for conversion would lie. Judgment affirmed, with costs.